UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ADAM GARY MARGLON, SR.<br><br>Plaintiff,<br>vs.<br><br>CHILD PROTECTION SERVICES, VIRGENA WIESELER, BRENDA TIDBALL-ZELTINGER, BRIDGETTE DESTIGTEV, JACKIE SMIDT<br><br>Defendants. | 18-4156<br><br>MEMORANDUM OPINION AND ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION TO APPOINT COUNSEL AND GRANTING LEAVE TO AMEND |

## INTRODUCTION AND BACKGROUND

On November 26, 2018, plaintiff Adam Gary Marglon, Sr. ("Marglon"), appearing *pro se*, filed a complaint ("Complaint") against Child Protection Services, 700 Governor's Drive, Pierre, South Dakota ("CPS"); Virgena Wieseler; Brenda Tidball-Zeltinger; Bridgette Destigtev; and Jackie Smidt ("Defendants"). Doc. 1. In the Complaint, Marglon alleges that he and each of the Defendants are residents of South Dakota and that defendant Destigtev is an employee of Minnehaha County, South Dakota. Doc. 1.

In his Complaint, Marglon alleges "negligence" and that his "4th Amendment rights were ignored as [his] four children were taken from [him] and placed in a foster family...." Doc. 1, ¶ I. Marglon also alleges that defendant CPS was negligent in taking his children from him and putting them in a dangerous environment. Doc. 1, ¶ IV. Marglon's one-year old child was allegedly "mauled" by a dog while living in the foster family's home and Marglon alleges that his children are "always bruised, scratched, cut up and sick." Doc. 1, ¶¶ I., IV. In addition, Marglon alleges that there are "many false allegations against [him]." Doc. 1, ¶ I.

In his claim for relief, Marglon seeks full custody of his four children, $75,000 in real damages, and $840,000 in punitive damages. Doc. 1, ¶ VI.

Pending before the Court are Marglon's Application to Proceed in Forma Pauperis, Doc. 2, and Motion to Appoint Counsel, Doc. 3.

1

## ANALYSIS

### I. Jurisdiction

As an initial matter, Marglon's asserted basis for federal subject matter jurisdiction should be clarified. "[F]ederal courts are courts of limited jurisdiction." *United States v. Afremov*, 611 F.3d 970, 975 (8th Cir. 2010). A district court "has a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011). "This obligation includes the concomitant responsibility 'to consider *sua sponte* [the court's subject matter] jurisdiction . . . where . . . [the court] believe[s] that jurisdiction may be lacking.'" *Id.* (quoting *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam)).

The subject matter jurisdiction of this Court may derive from the citizenship of the parties, *see* 28 U.S.C. § 1332, a federal question posed by the underlying lawsuit, *see* 28 U.S.C. § 1331, or special circumstances covered by federal statute.

Although diversity jurisdiction does not exist in this case[1], in construing the allegations made by Marglon in his Complaint, the Court concludes that Marglon's lawsuit poses a federal question.

Marglon alleges that his Fourth Amendment rights were violated when his four children were taken from him and placed in a foster family. Doc. 1, ¶ I. The Fourth Amendment protects individuals against unreasonable searches and seizures by government officials. *See Camara v. Mun. Court of the City and Cnty. of San Francisco*, 387 U.S. 523, 528 (1967). "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Alderman v. United* States, 394 U.S. 165, 174 (1969). As such, the right to assert a Fourth Amendment unlawful child-seizure claim belongs to the child, the person being "seized." *Southerland v. City of N.Y.*, 680 F.3d 127, 143 (2d Cir. 2012).

Although the Eighth Circuit has not spoken on the issue, some courts have held that a parent may have standing to assert their children's Fourth Amendment rights *on behalf of* their children. *Southerland*, 680 F.3d at 143; *Hollingsworth v. Hill*, 110 F.3d 733, 738 (10th Cir. 1997).

---

[1] Diversity jurisdiction requires "complete diversity, that is 'where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010)). Here, Marglon alleges that he and each of the Defendants are residents of South Dakota so diversity jurisdiction does not exist in this case.

2

While Marglon's Complaint alleges that his child has suffered emotional and physical trauma from a dog attack in the foster family's home and alleges that his children are not being adequately cared for by the foster family, Marglon does not assert in his Complaint, the rights of his children to be free from unlawful seizure of their person.[2] Even if Marglon was asserting his children's Fourth Amendment rights on their behalf, Marglon is not an attorney and may not litigate, *pro se*, his children's Fourth Amendment claims for them. *See Udoh v. Minn. Dep't of Human Servs.*, No. 16-3119, 2017 WL 4005606, at *2 (D. Minn. Sept. 12, 2007). For the foregoing reasons, the Court does not find that Marglon's claim arises under the Fourth Amendment.

That being said, the Court finds, in liberally construing Marglon's *pro se* Complaint, that the facts pleaded by Marglon raise a substantive due process claim. The Fourteenth Amendment's due process clause states that "[n]o State . . . shall deprive any person of life, liberty or property without due process of law." U.S. Const. amend. XIV, § 1. Embodied in the due process clause are both a substantive and procedural rights. *See Schmidt v. Des Moines Pub. Schs.*, 655 F.3d 811, 815-19 (8th Cir. 2011). In order to state a procedural due process claim, a plaintiff must prove that the defendant deprived him of his protected liberty or property interest without due process of law. *Id.* at 817. In the Complaint, Marglon does not assert any facts to support a procedural due process claim. The Court therefore construes Marglon's claim as a substantive due process claim because he alleges that his constitutional rights were violated when his four children were taken from him and placed into a foster family. *Abdouch v. Burger*, 426 F.3d 982, 987 (8th Cir. 2005) (stating that parents have a substantive due process right in the care and custody of their children).

"Because the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Title 42 U.S.C. § 1983[3] provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . ." *Lugar*, 457

---

[2] Marglon's Complaint alleges, in part: "My 4th Amendment rights were ignored as my four children were taken from me and placed into a foster family . . . ." Doc. 1, ¶ I.

[3] Specifically, § 1983 provides, in part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

3

U.S. at 924. Because the Court finds that the facts alleged in Marglon's Complaint arise under the Fourteenth Amendment, the Court liberally construes Marglon's Complaint to allege a § 1983 claim.

A § 1983 claim, "almost by definition, . . . arises under federal law and will support federal-question jurisdiction." *Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 481 (8th Cir. 2015) (per curiam) (quoting *Grapentine v. Pawtucket Credit Union*, 755 F.3d 29, 32 n.1 (1st Cir. 2014) (citation omitted)). Accordingly, the Court concludes that it has original jurisdiction over Marglon's § 1983 claim and may exercise supplemental jurisdiction over Marglon's state law negligence claim. 28 U.S.C. § 1367(a) (stating that a Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.").

## II. Application to Proceed in Forma Pauperis

Marglon has filed with the Court an Application to Proceed in Forma Pauperis. Doc. 2.

This Court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed *in forma pauperis* under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (citation omitted).

Based upon Marglon's application, Marglon indicates that he has very limited assets and that his expenses exceed his monthly income. Doc. 2. Considering the information in the financial affidavit, the Court finds that Marglon has made the requisite financial showing to proceed *in forma pauperis*.

## III. Screening of Complaint under 28 U.S.C. § 1915(e)(2)(B)

But the inquiry does not end there. Congress has directed this Court under 28 U.S.C. § 1915(e)(2)(B) to review and screen claims in a complaint being filed *in forma pauperis* to determine if they are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be

granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) (quoting *Neitzke v. Williams*, 480 U.S. 319, 324 (1989)).

A complaint states a claim upon which relief may be granted if it contains sufficient factual matter, accepted at true to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A plaintiff must demonstrate a plausible claim for relief, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)). "Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A reviewing court has the duty to examine a *pro se* complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). However, a court is not required to supply additional facts for a *pro se* plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

### A. Substantive Due Process Claim

As stated above, "[t]o state a claim under [§] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged

5

deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

To establish a substantive due process violation, [a plaintiff] must demonstrate that a fundamental right was violated and that the conduct shocks the conscience." *Akins v. Epperly*, 588 F.3d 1178, 1183 (8th Cir. 2009). In other words, mere negligence does not constitute a substantive due process violation under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("We conclude that the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property. . . . [W]e should not open the federal courts to lawsuits where there has been no affirmative abuse of power.") (internal quotations and citation omitted); *see also Strutton v. Meade,* 668 F.3d 549, 557 (8th Cir. 2012) ("Only in the rare situation when the state action is 'truly egregious and extraordinary' will a substantive due process claim arise.") (citation omitted).

In his Complaint, Marglon alleges "negligence," and that his constitutional "rights were ignored as [his] four children were taken from [him] and placed into a foster family. . . ," and that "[t]here are many false allegations against [him]." Doc. 1, ¶ I. While the Court is bound to liberally construe a *pro se* plaintiff's complaint, the Court may not assume facts that have not been pleaded. Here, Marglon has characterized CPS's actions as "negligence." Accordingly, the Court concludes that Marglon has failed to state a substantive due process claim.

A parent's substantive due process right to the care and custody of their children is not absolute. *See Abdouch v. Burger*, 426 F.3d 982, 987 (8th Cir. 2005). "[T]he state has a potentially conflicting, compelling interest in the safety and welfare of children," *id.*, and "has a wide range of power for limiting parental freedom and authority in things affecting the child's welfare," *Prince v. Commonwealth of Mass.*, 321 U.S. 158, 167 (1944).

Marglon has not asserted any facts to support a claim that CPS engaged in any action which "shocks the conscience" by placing Marglon's children in foster care and accordingly, the Court concludes that Marglon has failed to state a substantive due process claim. *See C.N. v. Willmar Pub. Schs., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 634-35 (8th Cir. 2010) ("[A plaintiff must allege action by a government official which violated one or more fundamental constitutional rights and were shocking to the contemporary conscience. . . .[T]he scope of substantive due process is carefully circumscribed and the pleading standard established by Rule 8(a)(2) demands

6

more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotations and citations omitted)).

## B. Claims against Individual Defendant Destigev

Marglon alleges that defendant Destigev is a "worker for Minnehaha and constantly harasses (sic) me at my work place to have physical visits with her once a week, basically lying to me and wasting my time."[4] Doc. 1, ¶ IV. The Court concludes that the facts alleged by Marglon against defendant Destigev do not state a violation of a federal right and Marglon's claim against Destigev is therefore not cognizable under § 1983.

Even if Marglon did allege that Destigev violated his federal rights, the Court concludes that Marglon has failed to state a claim against Destigev in her official capacity as an employee of Minnehaha County.[5] Municipalities and other local government units and their officials can be sued directly under § 1983 for monetary, declaratory, or injunctive relief when a complaint alleges that the named officer "took action pursuant to an unconstitutional governmental policy or custom or that [the official] possessed final [policy-making] authority over the subject matter at issue and used that authority in an unconstitutional manner." *Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989) (internal quotation and citation omitted). Nowhere in the Complaint does Marglon allege that defendant Destigev violated any unconstitutional policy or custom or that Destigev had any final policy-making authority regarding the placement of Marglon's children in a foster family and used that authority in an unconstitutional manner.

For the foregoing reasons, the Court concludes that Marglon has failed to state a claim for relief under § 1983 against defendant Destigev.

## C. Claims against Individual Defendants Tidball-Zelfinger and Smidt

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant

---

[4] The Court notes that Marglon's allegations against Destigev border on the "frivolous" as they appear to "lack[] an arguable basis either in law or in fact." *Aziz*, 976 F.2d at 1158.
[5] The Court finds that Plaintiff has made no clear statement in the Complaint that defendant Destigev is being sued in her individual capacity and therefore, the Court "interpret[s] the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995).

fair notice of what the . . . claim is and the grounds upon which its rests,'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Court finds that the Complaint is completely devoid of any allegations against either Tidball-Zelfinger or Smidt. Because Marglon does not assert that either Tidball-Zelfinger or Smidt acted "under color of law," he has failed to state a § 1983 claim against them. The Court concludes that Marglon has likewise failed to state a claim against these defendants in their capacity as private individuals. The Complaint does not give defendants Tidball-Zelfinger or Smidt fair notice of Marglon's claims against them and thus any alleged claims against Tidball-Zelfinger or Smidt do not meet the pleading standard of Rule 8(a)(2). In addition, Marglon lacks standing to bring his claims against these defendants because he has failed to allege that he suffered an injury in fact that can be fairly traceable to Tidball-Zelfinger or Smidt. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

### D. Punitive Damages Claim under § 1983

Plaintiff seeks $840,000 in punitive damages against Defendants. Doc. 1, ¶ VI. Government entities are immune from punitive damages claims under § 1983. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). Punitive damages are therefore unavailable for Marglon's § 1983 claim against CPS and against defendant Destigev in her official capacity.[6]

### E. State Law Negligence Claim

Marglon alleges that CPS was negligent in placing his children with a foster family in what Marglon alleges is a dangerous environment. Doc. 1, ¶ IV. Marglon alleges that his one-year old was "mauled" by a dog in the foster family's home and that his children "are always bruised, scratched, cut up and sick." Doc. 1, ¶¶ I, IV.

Because the Court has concluded that Marglon has failed to state a claim under § 1983, or any other federal claim vesting this Court with original jurisdiction over this matter, the Court

---

[6] While § 1983 allows a plaintiff to recover punitive damages against a government official in the official's individual capacity, as stated above, the Court has found that Marglon has not asserted any claims against officials in their individual capacities. *See Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). In order to state a claim for punitive damages against individual officers, a plaintiff must plead that the official's "conduct is shown to be motivated by evil motive or intent, or [that] it involves reckless or callous indifference" to a plaintiff's federally-protected rights. *Smith v. Wade*, 461 U.S. 30, 56 (1983).

declines at this time to evaluate whether Marglon has stated a claim under South Dakota law against CPS for negligence.

**IV.   Leave to Amend**

In sum, the Court concludes that Marglon's punitive damages claim against CPS and individual defendant Destigev, in her official capacity, are untenable as a matter of law. Accordingly, Marglon's punitive damages claim against CPS and Destigev in her official capacity are dismissed with prejudice. Marglon has also failed to state a claim under §1983 for an alleged violation of his substantive due process rights. Marglon has not asserted any facts to support a claim that Defendants engaged in any action which "shocks the conscience" with regard to placing Marglon's children in foster care. In addition, as to Marglon's claims against individual defendant Destigev, Marglon has not alleged that defendant Destigev violated any unconstitutional policy or custom or that Destigev had any final policy-making authority regarding the placement of Marglon's children in a foster family and used that authority in an unconstitutional manner. Finally, Marglon has not alleged that individual defendants Tidball-Zelfinger or Smidt engaged in any conduct that violated his federal rights, nor has he alleged that either Tidball-Zelfinger or Smidt engaged in any conduct that caused him injury. Although the Court concludes that Marglon has failed to state a claim for relief, this may because the Complaint does not contain all of the facts of the matter and because Marglon is proceeding *pro se*. Because the Court cannot determine at this stage that "'beyond doubt that [Marglon] can prove no set of facts in support of his claim which would entitle him to relief,'" the Court will grant Marglon leave to amend his Complaint. *See Haines v. Kerner*, 404 U.S. at 520-521 (quoting *Conley v. Gibson*, 355 U.S. at 45-46). If Marglon does amend, he should be aware that there cannot be a claim in federal court which seeks to reverse the state court's decision to remove his children from his custody.

**V.   Motion to Appoint Counsel**

Marglon also moves the Court to appoint counsel. Doc. 3. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). "In civil rights matters the court *may* pursuant to 28 U.S.C. § 1915 request an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Mosby v. Mabry,* 697 F.2d 213, 214 (8th Cir.1982) (internal quotations and citation omitted).

In determining whether to appoint counsel to a *pro se* litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the indigent's ability to present his claim. *Stevens,* 146 F.3d at 546 (citation omitted). The facts of Marglon's claims are not complex and at this stage in the proceedings, the Court does not deem it necessary to appoint counsel. Accordingly, Marglon's motion to appoint counsel is denied.

Accordingly, IT IS ORDERED:
1) Plaintiff Marglon's application to proceed *in forma pauperis*, Doc. 2, is GRANTED; and
2) Plaintiff Marglon's motion to appoint counsel, Doc. 3, is DENIED; and
3) Plaintiff Marglon's claims for punitive damages against defendants Child Protection Services and Bridgette Destigtev, in her official capacity, are dismissed with prejudice for failure to state a claim upon which relief may be granted; and
4) Plaintiff Marglon does not state a claim under 42 U.S.C. § 1983. If Marglon wishes to amend his complaint, he must do so by May 1, 2019, if he wishes to attempt to proceed. If no amendment is made by May 1, 2019, the case will be dismissed without prejudice.

Dated this 1st day of April, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THIELEN, CLERK

*Matthew Thielen*